## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOLOGY INNOVATIONS ASSOCIATES LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>LG ELECTRONICS INC. and LG ELECTRONICS U.S.A., INC.<br><br>                    Defendants. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Technology Innovations Associates, LLC ("Technology Innovations") alleges the following for its complaint against Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively, "LG").

## THE PARTIES

1.      Plaintiff Technology Innovations is a limited liability company formed under the laws of the state of Delaware having its principal place of business at 21301 S. Tamiami Trail, #320 MS 337, Estero, FL 33928.

2.      Defendant LG Electronics Inc. is a Korean corporation with a principal office at 20, Yeouido-dong, Woengdeungpo-Gu, Seoul 150-721, Korea.  On information and belief, Defendant LG Electronics Inc. conducts business in the United States generally and in this District through its subsidiaries, including the other named Defendant.

3.      Defendant LG Electronics U.S.A., Inc. is a corporation organized under the laws of the state of Delaware with a principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  Defendant LG Electronics U.S.A., Inc. may be served with process

via its registered agent United States Corporation Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

**JURISDICTION AND VENUE**

4.      This is a patent infringement action.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

5.      The Court has personal jurisdiction over Defendants under the Delaware long arm statute as they have availed themselves of the rights and benefits of this District by conducting business in this jurisdiction, including by having their products in at least one physical location within this District.  Defendants also conduct business in this District by offering products for sale via the internet, which are accessible to and accessed by residents of this District.  Defendant LG Electronics U.S.A., Inc. is additionally subject to personal jurisdiction, because it is incorporated in this State.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(c) and §1400(b), because Defendants reside in this District and substantial acts of infringement have occurred in this District.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 7,840,619**

7.      On November 23, 2010, U.S. Patent No. 7,840,619 (the "'619 Patent") entitled "Computer System for Automatic Organization, Indexing and Viewing of Information From Multiple Sources" was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '619 Patent is attached as Exhibit A hereto.

8.      Plaintiff Technology Innovations is the sole and exclusive licensee of the '619 Patent and holds the exclusive right to take all actions, including the filing of this patent infringement lawsuit, necessary to enforce its rights to the '619 Patent.  Technology Innovations

2

also has the right to recover all damages for past, present, and future infringement of the '619 Patent and to seek injunctive relief as appropriate under the law.

9.      Defendants have infringed and continue to directly infringe the '619 Patent by manufacturing, selling, offering for sale, and/or importing products running the Android operating system that come with pre-installed applications including, for example, at least one of Gmail, Contacts, and Calendar, that utilize a hierarchical data viewing system or group structure that enables a user to more easily remain oriented to the level of a list he/she is viewing while scrolling through items in that list.  Accused products include at least the following LG brand smart phones, tablets, and/or devices: Spirit 4G MS 870, Optimus Elite, LGE 960, Optimus REGARD LW770, Mach LS 860, Optimus G LS970, Optimus L9 P769, Optimus G E970, Escape P870, Spectrum$^2$ VS930, Splendor US730, Intuition VS950, Optimus Plus AS695, Elite LS696, Viper LS840, Optimus M+ MS695, Lucid VS840, Nitor P930, Spectrum VS920, Connect 4G MS840, Optimus 2 AS680, Ignite AS855, myTouch Q LGC800DG, myTouch Q LG800VL, Optimus One P504, myTouch LGE739BK, DoublePlay C729, Optimus Slider VM701, Esteem MS910, Enlighten VS700, Marquee LS855, Revolution VS910, Genesis US760, G2x P999, Thrive P506, Phoenix P505, Optimus LW690, Optimus V VM670, Vortex VS660, Motion 4G MS770, Optimus Zip L75C, Optimus Net L45C and Optimus Q L55C.  Such products are covered by one or more claims of the '619 Patent, including but not limited to Claim 1.

10.      Defendants' acts of manufacturing, selling, offering to sell, and/or importing the products, either directly or through their subsidiaries, into the United States are without the permission of Technology Innovations and constitute infringement under 35 U.S.C. §271 for which LG is liable.

11.     As a result of LG's infringement, Plaintiff Technology Innovations has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 8,280,932

12.     On October 2, 2012, U.S. Patent No. 8,280,932 (the "'932 Patent") entitled "Computer System for Automatic Organization, Indexing and Viewing Multiple Objects From Multiple Sources" was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '932 Patent is attached as Exhibit B hereto.

13.     Plaintiff Technology Innovations is the sole and exclusive licensee of the '932 Patent and holds the exclusive right to take all actions, including the filing of this patent infringement lawsuit, necessary to enforce its rights to the '932 Patent.  Technology Innovations also has the right to recover all damages for past, present, and future infringement of the '932 Patent and to seek injunctive relief as appropriate under the law.

14.     Defendants have infringed and continue to directly infringe the '932 Patent by manufacturing, selling, offering for sale, and/or importing products running the Android operating system that come with pre-installed applications including, for example, at least one of Gmail, Contacts, and Calendar, that utilize a hierarchical data viewing system or group structure that enables a user to more easily remain oriented to the level of a list he/she is viewing while scrolling through items in that list.  Accused products include at least the following LG brand smart phones, tablets, and/or devices: Spirit 4G MS 870, Optimus Elite, LGE 960, Optimus REGARD LW770, Mach LS 860, Optimus G LS970, Optimus L9 P769, Optimus G E970, Escape P870, Spectrum[2] VS930, Splendor US730, Intuition VS950, Optimus Plus AS695, Elite LS696, Viper LS840, Optimus M+ MS695, Lucid VS840, Nitor P930, Spectrum VS920,

Connect 4G MS840, Optimus 2 AS680, Ignite AS855, myTouch Q LGC800DG, myTouch Q LG800VL, Optimus One P504, myTouch LGE739BK, DoublePlay C729, Optimus Slider VM701, Esteem MS910, Enlighten VS700, Marquee LS855, Revolution VS910, Genesis US760, G2x P999, Thrive P506, Phoenix P505, Optimus LW690, Optimus V VM670, Vortex VS660, Motion 4G MS770, Optimus Zip L75C, Optimus Net L45C and Optimus Q L55C.  Such products are covered by one or more claims of the '932 Patent, including but not limited to Claim 1.

15.    Defendants' acts of manufacturing, selling, offering to sell, and/or importing the products, either directly or through their subsidiaries, into the United States are without the permission of Technology Innovations and constitute infringement under 35 U.S.C. §271 for which LG is liable.

16.    As a result of LG's infringement, Plaintiff Technology Innovations has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a jury on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

- Enter judgment that LG has infringed, either literally or by equivalents, the '619 Patent and the '932 Patent;

- Award Plaintiff damages for LG's infringement in an amount to be determined at trial, including enhanced damages, costs, and pre and post-judgment interest; and

- Award any other relief deemed just and proper.

<table>
<tr><td>March 1, 2013</td><td>BAYARD, P.A.</td></tr>
<tr><td></td><td></td></tr>
<tr><td>Of Counsel:</td><td> /s/ Stephen B. Brauerman (sb4952)<br>Richard D. Kirk (rk0922)</td></tr>
<tr><td>Paul V. Storm</td><td>Stephen B. Brauerman (sb4952)</td></tr>
<tr><td>Sarah M. Paxson</td><td>Vanessa R. Tiradentes (vt5398)</td></tr>
<tr><td>GARDERE WYNNE SEWELL LLP</td><td>222 Delaware Avenue, Suite 900</td></tr>
<tr><td>1601 Elm Street, Suite 3000</td><td>Wilmington, DE 19801</td></tr>
<tr><td>Dallas, Texas 75201</td><td>(302) 655-5000</td></tr>
<tr><td>(214) 999-3000</td><td>rkirk@bayardlaw.com</td></tr>
<tr><td>pvstorm@gardere.com</td><td>sbrauerman@bayardlaw.com</td></tr>
<tr><td>spaxson@gardere.com</td><td>vtiradentes@bayardlaw.com</td></tr>
</table>

**ATTORNEYS FOR PLAINTIFF**